IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| CHRISTOPHER RICK MONTEZ, | § § § | |
| *Plaintiff,* | § § | SA-21-CV-00398-XR |
| vs. | § § § | |
| FEDERAL BUREAU OF INVESTIGATION, | § § § § | |
| *Defendant.* | § | |

**REPORT AND RECOMMENDATION AND ORDER
OF UNITED STATES MAGISTRATE JUDGE**

**To the Honorable United States District Judge Xavier Rodriguez:**

This Report and Recommendation and Order concerns Plaintiff's *pro se* Application to Proceed in District Court without Prepaying Fees or Costs and proposed civil complaint [#1] and Plaintiff's *pro se* Motion for Appointment of Counsel [#2], and the review of the pleadings under 28 U.S.C. § 1915(e). This case was automatically referred to the undersigned upon filing, and the undersigned has authority to enter an order on Plaintiff's motion to proceed *in forma pauperis* and motion to appoint counsel pursuant to 28 U.S.C. § 636(b)(1)(A). The undersigned has authority to enter a report and recommendation on a review of the pleadings pursuant to 28 U.S.C. § 636(b)(1)(B). For the reasons set forth below, the Court will grant Plaintiff's motion to proceed *in forma pauperis* [#1], deny Plaintiff's motion for appointment of counsel [#2], and recommend dismissal of this case under 28 U.S.C. § 1915(e).

**I. Motion to Proceed IFP**

All parties instituting any civil action, suit, or proceeding in a district court of the United States, except an application for a writ of habeas corpus, must pay a filing fee of $350, as well as

1

an administrative fee.[1]  *See* 28 U.S.C. § 1914(a).  Plaintiff's motion to proceed IFP includes his income and asset information, which indicates that Plaintiff is unemployed, has no assets and no savings.  The information demonstrates that Plaintiff does not have sufficient monthly resources available to pay the filing fee, and the Court will grant the motion to proceed IFP.

## II.  Appointment of Counsel

Courts may appoint counsel pursuant to 28 U.S.C. § 1915(e)(1) in IFP proceedings. Under § 1915(e)(1), the Court has discretion to appoint an attorney to represent a litigant in federal court, but there is no right to the automatic appointment of counsel in a civil case. *Akasike v. Fitzpatrick*, 26 F.3d 510, 512 (5th Cir. 1994); *Cupit v. Jones*, 835 F.2d 82, 86 (5th Cir. 1987).  Appointment of counsel in a civil case is considered a privilege, not a constitutional right, and should be allowed only in exceptional circumstances.  *Lopez v. Reyes*, 692 F.2d 15, 17 (5th Cir. 1982) (citation omitted); *see Cupit*, 835 F.2d at 86.  In evaluating whether the appointment of counsel is proper under § 1915(e), the district court considers the type and complexity of the case, the litigant's ability to investigate and present the case, and the level of skill required to present the evidence.  *See Castro Romero v. Becken*, 256 F.3d 349, 354 (5th Cir. 2001).

Plaintiff has not demonstrated that exceptional circumstances are present in his case or that, based on the record, appointment of counsel is appropriate under the applicable legal standard under 28 U.S.C. § 1915(e).  Additionally, a review of Plaintiff's proposed Complaint pursuant to 28 U.S.C. § 1915(e)(2) indicates that Plaintiff's claims are frivolous or fail to state a

---

[1] The administrative fee, which is currently $50, is waived for plaintiffs who are granted IFP status. *See District Court Miscellaneous Fee Schedule,* available at http://www.uscourts.gov/services-forms/fees/district-court-miscellaneous-fee-schedule.

claim upon which relief can be granted and should be dismissed. The Court will deny Plaintiff's motion for appointment of counsel.

### III. Frivolousness Review

Pursuant to 28 U.S.C. § 1915(e)(2), the Court is empowered to screen any civil complaint filed by a party proceeding IFP to determine whether the claims presented are (1) frivolous or malicious; (2) fail to state a claim on which relief may be granted; or (3) seek monetary relief against a defendant who is immune from such relief.[2] *See* 28 U.S.C. § 1915(e)(2)(B). Plaintiff's proposed Complaint names only one Defendant—the Federal Bureau of Investigation ("FBI")—but contains allegations encompassing a whole spectrum of actors and conduct that do not appear to concern the FBI whatsoever. Plaintiff's proposed Complaint does not list any specific causes of action against the FBI or any other party.

It is apparent from Plaintiff's proposed Complaint that Plaintiff has a significant criminal history, has been involved in various civil cases regarding the custody of his child or children and the termination of his parental rights, and has served time in the Texas Department of Corrections ("TDCJ"). Plaintiff's proposed Complaint references numerous cases, presumably arising in state court, and alleges that the FBI failed to investigate these cases thoroughly and pursued baseless charges against him that Plaintiff believes should be expunged from his criminal record. Plaintiff also complains about various actions of case workers for Child Protective Services and the Center of Health Care Services, alleging that his medical records and police reports were falsified, that he was illegally forced to take medication and to provide blood

---

[2] Under 28 U.S.C. § 1915(e), a court may at any time dismiss a case if it determines that the case filed by the IFP plaintiff is frivolous or fails to state a claim, but is not required to screen non-prisoner cases at the outset. In contrast, when an IFP case is filed by a prisoner, the court is required to screen a complaint prior to docketing or as soon as possible. *See* 28 U.S.C. § 1915A(a).

3

samples, and that he was given a sexually transmitted disease by a case worker.  There are also numerous allegations regarding Plaintiff's treatment in TDCJ.  Plaintiff alleges that he was assaulted and battered with a bar of soap and hair clippers, has been denied access to the law library, forced to live in a faith-based dorm and to marry a state agent against his will.

The Court should dismiss Plaintiff's Complaint as frivolous.  A claim is frivolous if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A claim lacks an arguable basis in law when it is "based on an indisputably meritless legal theory." *Id.* at 327. A claim lacks an arguable basis in fact when it describes "fantastic or delusional scenarios." *Id.* at 327–28.  Courts may dismiss a claim as factually frivolous if the facts alleged are clearly baseless, a category encompassing allegations that are fanciful, fantastic, and delusional.  *Denton v. Hernandez*, 504 U.S. 25, 32–33 (1992) (citations and quotations omitted).  A complaint fails to state a claim upon which relief may be granted when it fails to plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  "Some claims are 'so insubstantial, implausible, . . . or otherwise completely devoid of merit as not to involve a federal controversy.'" *Atakapa Indian de Creole Nation v. Louisiana*, 943 F.3d 1004, 1006 (5th Cir. 2019) (quoting *Oneida Indian Nation of N.Y. v. Oneida County*, 414 U.S. 661, 666 (1974)).

As previously noted, the only named Defendant in this case is the FBI, yet the majority of allegations concern unrelated acts by other unrelated parties.  The FBI is a federal governmental agency that enjoys immunity from suit except where Congress has waived it.  *Bodin v. Vagshenian*, 462 F.3d 481, 484 (5th Cir. 2006).  Any claim for damages against the United States or one of its agencies is likely not cognizable. *F.D.I.C. v. Meyer*, 510 U.S. 471, 484–85 (1994). *See also Bivens v. Six Unknown Fed. Narcotics Agents*, 403 U.S. 388 (1971).  The Court

should therefore dismiss this case, but the dismissal should be without prejudice to Plaintiff refiling a specific case against the specific party accused of wrongdoing and asserting federal causes of action. The Court should not be required to parse the pages of allegations, most of which are wholly unrelated to the sole named defendant, in an attempt to decipher whether there is a colorable federal claim against an unnamed party.

### IV.  Conclusion and Recommendation

Having considered Plaintiff's motions, the proposed Complaint, and the governing law,

**IT IS HEREBY ORDERED** that Plaintiff's *pro se* Application to Proceed in District Court without Prepaying Fees or Costs [#1] is **GRANTED**.

**IT IS FURTHER ORDERED** that Plaintiff's *pro se* Motion for Appointment of Counsel [#2] is **DENIED**.

The undersigned further **recommends** that Plaintiff's claims be **DISMISSED WITHOUT PREJUDICE** under 28 U.S.C. § 1915(e).

### V.  Instructions for Service and Notice of Right to Object/Appeal

The United States District Clerk shall serve a copy of this report and recommendation on all parties by either (1) electronic transmittal to all parties represented by attorneys registered as a "filing user" with the clerk of court, or (2) by mailing a copy to those not registered by certified mail, return receipt requested. Written objections to this report and recommendation must be filed **within fourteen (14) days** after being served with a copy of same, unless this time period is modified by the district court. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The party shall file the objections with the Clerk of Court and serve the objections on all other parties. A party filing objections must specifically identify those findings, conclusions or recommendations to which objections are being made and the basis for such objections; the district court need not consider

frivolous, conclusive or general objections. A party's failure to file written objections to the proposed findings, conclusions and recommendations contained in this report shall bar the party from a *de novo* determination by the district court. *Thomas v. Arn*, 474 U.S. 140, 149–52 (1985); *Acuña v. Brown & Root, Inc.,* 200 F.3d 335, 340 (5th Cir. 2000). Additionally, failure to file timely written objections to the proposed findings, conclusions and recommendations contained in this report and recommendation shall bar the aggrieved party, except upon grounds of plain error, from attacking on appeal the un-objected-to proposed factual findings and legal conclusions accepted by the district court. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428–29 (5th Cir. 1996) (en banc).

SIGNED this 23rd day of April, 2021.

ELIZABETH S. ("BETSY") CHESTNEY
UNITED STATES MAGISTRATE JUDGE